UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                         :

TV TOKYO CORPORATION,                   :

                  Plaintiff,         :

             -v-               :         26-CV-2040 (JAV)

THE INDIVIDUALS, CORPORATIONS, LIMITED   :         ORDER
LIABILITY COMPANIES, PARTNERSHIPS, AND   :
UNINCORPORATED ASSOCIATIONS IDENTIFIED  :
ON SCHEDULE A TO THE COMPLAINT,     :

              Defendants.      :

-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 19, 2026, Plaintiff filed a motion for expedited discovery.  ECF No. 23 ("Motion").  Plaintiff's knowledge about Defendants' identities is limited to information available on public websites, ECF No. 24 at 1, and this information may be incorrect, ECF No. 9 at 1.  Plaintiff also seeks discovery in aid of determining whether this Court can exercise personal jurisdiction over the Defendants.  Accordingly, Plaintiff seeks to serve discovery requests on platforms, payment processors, and domain registrars that Defendant uses or operates through in order to accurately identify Defendants and obtain their transaction information.  ECF No. 24 at 1-2.

The Court applies a flexible reasonableness and good cause standard in assessing whether to authorize expedited discovery under Rule 26(d)(1).  Expedited discovery will often be granted where the discovery is limited and specific in scope, and designed to ascertain the identities, addresses, and account information of the defendants.  *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).  But discovery requests that sweep too broadly or that are

overbroad and go beyond attempting to identify unknown defendants and their accounts will be

denied. *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 43 (S.D.N.Y. 2022). Because Plaintiff

has alleged a *prima facie* case of trademark and copyright infringement, *see generally* ECF Nos.

8, 9, 16, and it cannot adequately identify Defendants without early discovery, *see generally* ECF

Nos. 10, 17, the Court agrees that there is good cause to allow for early discovery. Accordingly,

Plaintiff's Motion is **GRANTED** and it is hereby **ORDERED** as follows:

1.  As sufficient cause has been shown, within fourteen (14) days of receipt of service of this

    Order, the Financial Institutions and Domain Registrars[1] shall provide the following

    information to Plaintiff's counsel (to the extent such information is in the Financial

    Institutions' and Domain Registrars' possession, custody, or control):

    a.  Identifying information for Defendants, including all available contact

        information (which shall include, if available, all known e-mail addresses,

        residential and business mailing addresses, telephone numbers, and physical

        locations), as well as all associated account numbers and account balances,

        regardless of the platform or institution. Such identifying information shall

        include the following information as available: (i) any addresses or places of

        business located in countries that are signatories to the Hague Convention on the

        Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial

---

[1] "Financial Institutions and Domain Registrars" consist of the following entities: Alibaba Cloud Computing (Beijing) Co., Ltd. (Alibaba Cloud), Amazon.com, Inc. (Amazon), Beijing Xinnet Digital Information Technology Co., Ltd. (Xinnet), Cheaper Domains Pty Ltd (Cheaper Domains), Dreamscape Networks International Pte Ltd (Dreamscape Networks), GoDaddy.com, LLC (GoDaddy), Name.com, Inc. (name.com), NameCheap, Inc. (NameCheap), NameSilo, LLC (NameSilo), PayPal, Inc. (PayPal), Synergy Wholesale Accreditations Pty Ltd (Synergy Wholesale), Tucows Domains Inc. (Tucows), Walmart Inc. (Walmart), and Whaleco Inc. (Temu).

Matters, including but not limited to the People's Republic of China; (ii) records of any business operations, facilities, warehouses, or distribution centers in such Hague Convention signatory countries; (iii) information regarding registered agents, local representatives, or business contacts in such jurisdictions; (iv) documentation of corporate registrations, business licenses, or other official filings in Hague Convention signatory countries; and (v) any other information that would facilitate proper service of process in accordance with the Hague Convention requirements.

b.    Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

c.    Business and financial transaction records related to New York, including but not limited to: (i) all sales, transactions, or revenue generated from customers or users located in New York; (ii) records of business activities conducted in or directed to New York; (iii) documentation of any physical presence, operations, or facilities in New York; (iv) records of employees, agents, or representatives based in or serving New York; (v) shipping or delivery records for goods or services sent to New York addresses; (vi) marketing, advertising, or promotional activities targeted at New York residents or businesses; (vii) contracts, agreements, or business relationships with New York-based entities or individuals; and (viii) any other records evidencing minimum contacts, nexus, or ties to the State of New York.

The Clerk of Court is directed to terminate ECF No. 23.

SO ORDERED.

Dated:  March 23, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4